**IN THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Tanglena Black,

     Plaintiff,

v.

                                8:26-cv-02020

Evolent Health, LLC,
     Defendant.                          **JURY TRIAL DEMANDED**

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Tanglena Black, by and through undersigned counsel, sues the

Defendant, Evolent Health, LLC, and alleges as follows:

### STATEMENT OF JURISDICTION & VENUE

1. Plaintiff, Tanglena Black, brings this action to redress unlawful employment practices from Defendant, Evolent Health, LLC, based on age, a promoted characteristic under Age Discrimination in Employment Act (ADEA).

2. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331 because this action arises under the Age Discrimination in Employment Act (ADEA).

3. This Court has supplemental jurisdiction over the Florida state-law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same nucleus of operative facts of the Plaintiff's federal claims.

4. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the unlawful employment practices complained of herein were committed within this district and because Plaintiff was employed within this district.

1

5. Plaintiff has satisfied all administrative prerequisites to suit, including timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC" – Charge Number: 511-2026-02816) and receiving a Notice of Right to Sue.

## FACTUAL ALLEGATIONS

6. Plaintiff, Tanglena Black, is a 53-year-old female, and all times material hereto, was domiciled in the State of Florida.

7. At all times material hereto, Defendant, Evolent Human Resources, is a corporation organized and existing under the laws of Virginia, with a principal business address of 1812 N. Moore Street, Suite 1705, Arlington VA, 22209, and conducted business in the State of Florida by way of Plaintiff, Tanglena Black, at 2223 N Westshore Blvd, Suite B221, Tampa, FL 33603142 20th Ave So St. Petersburg FL 33712.

8. Plaintiff began her employment with Defendant on or about February 2022 at Magellan Health at 3142 20th Ave. So. St. Petersburg, FL 33712.

9. In 2023, Magellan Health migrated into Evolent Health, LLC, at 3142 20th Ave. So. St. Petersburg, FL 33712.

10. Plaintiff has worked in quality auditing for the past twenty-five years.

11. During her twenty-five as a quality auditor, Plaintiff has used various technology portals and considers herself well-versed in technology.

12. Despite her qualifications, Plaintiff was repeatedly subjected to disparaging comments, unfair performance reviews, and disciplinary write-ups placed in her employee record.

13. Plaintiff was informed that she would be receiving a Performance Improvement Plan ("PIP") for not improving quickly despite never having been formally reprimanded.

2

14. Additionally, Plaintiff suffered from technological problems the entirety of her training, resulting in a slower learning curve than her co-workers who did not suffer any technological issues.

15. Plaintiff observed that other employees outside of her protected class were promoted to positions such as Quality Senior, despite having less education, less experience, or fewer qualifications than Plaintiff.

16. On one occasion, Plaintiff was reprimanded for not typing enough in the company's Teams communication log.

17. However, one of Plaintiff's younger co-workers, Saleena, typed in the Teams communication log fewer times than Plaintiff.

18. And yet, Saleena was promoted to Quality Senior and Plaintiff was fired.

19. On one occasion, Plaintiff's manager, Brandi, stated the following: "We [Plaintiff and Brandi] are getting older, maybe that's why we are forgetting things."

20. Defendant's stated reasons for Plaintiff's termination were pretextual, including unfounded claims that Plaintiff was at the pool during work hours, despite Plaintiff never participating in such activity and actually being in a medical office.

21. Furthermore, on a Zoom call with HR, Plaintiff was requested to show ID to prove that she was not Artificial Intelligence.

22. Plaintiff presented her ID.

23. Plaintiff then verified for herself that the person calling her, HR, was not a scam.

24. HR then reported Plaintiff for "questioning who they were," despite it having been a friendly conversation.

25. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered lost wages, loss of future earning capacity, lost benefits, emotional distress, mental anguish, humiliation, loss of career advancement opportunities, and other compensatory damages.

## COUNT I – ADEA AGE DISCRIMINATION (DISPARATE TREATMENT)

### (Against Evolent Health, LLC)

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff is a 53-year-old woman and is a member of a protected class under the Age Discrimination in Employment Act (ADEA.)

28. At all times material, Plaintiff was qualified for her position and for advancement opportunities and possessed relevant quality auditing experience.

29. Despite Plaintiff's employment, Defendants subjected Plaintiff to adverse employment actions, including but not limited to:

   A) Denial of promotions and advancement opportunities;

   B) Placement of unfair and pretextual disciplinary write-ups in Plaintiff's personnel file;

   C) Denial of workplace benefits and opportunities afforded to similarly situated employees; and

   D) Termination of Plaintiff's employment on or about January 20, 2026.

30. Plaintiff was treated less favorably than similarly situated employees outside of her protected class, including employees with less education, less experience, or fewer qualifications who were promoted ahead of Plaintiff.

31. Defendants' stated reasons for denying Plaintiff promotions and ultimately terminating her employment were false and pretextual, and not the true reasons for its actions.

32. Plaintiff's age was a motivating factor in Defendants' decisions to deny Plaintiff promotions, discipline Plaintiff, and terminate her employment.

33. As a direct and proximate result of Defendants' unlawful conduct of age discrimination, Plaintiff suffered lost wages, lost benefits, loss of future earning capacity, emotional distress, mental anguish, humiliation, loss of career advancement opportunities and other compensatory damages.

34. Defendants' conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights, entitling Plaintiff to all relief available under ADEA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tanglena Black, respectfully requests that this Court enter judgment in her favor and against Defendant, Evolent Health, LLC and award damages in favor of the Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands Jury Trial on all issues so triable.

/X/ Bruce Burk
Bruce D. Burk, Esq.
Burk Law Firm, PLLC
100 2nd Ave N, Ste. 300
St. Petersburg, FL 33701
(813) 591-0070
Florida Bar No. 118110
bburk@burkfirm.com
paralegal@burkfirm.com
Attorney for Plaintiff